**Rodney Malcom BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54390.**

Court of Criminal Appeals of Texas.

Nov. 16, 1977.

State's Motion for Rehearing Denied
Dec. 14, 1977.

Cameron Gray, Grand Prairie, for appellant.

Henry Wade, Dist. Atty., Gary M. Love and Rand Guffey, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of public lewdness, V.T.C.A. Penal Code, Sec. 21.07; [1] the punishment is confinement in the county jail for 365 days.

The appellant asserts, in the only ground of error which we need discuss and for

---

1. V.T.C.A. Penal Code, Sec. 21.07, provides:
   "Sec. 21.07. Public Lewdness
   "(a) A person commits an offense if he knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his act:
   "(1) an act of sexual intercourse;
   "(2) an act of deviate sexual intercourse;
   "(3) an act of sexual contact;

   "(4) an act involving contact between the person's mouth or genitals and the anus or genitals of an animal or fowl.
   "(b) An offense under this section is a Class A misdemeanor."
   Although this section is entitled Public Lewdness, it prohibits not only acts of lewdness in public places, but those acts done in private places if the actor is reckless about whether others are present who will be offended or alarmed.

which we must reverse the judgment, that the information is fundamentally defective. Even though the pleading was not attacked by a motion to quash, the appellant argues that the pleading is fundamentally defective. The information, which alleges explicitly the act of deviate sexual intercourse, only alleges the appellant was reckless—about whether others were present who would be offended by the alleged act—without alleging the act or acts relied upon to constitute recklessness. The information does not allege that the act was committed in a public place, and therefore whether the appellant was reckless about whether another was present who would be offended or alarmed by his act is a necessary element of the offense.

Art. 21.15, V.A.C.C.P., provides:

"Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence."

Since the information fails to allege one necessary element of the offense in the manner required by Art. 21.15, V.A.C.C.P., the information is fundamentally defective. *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974); and see *Cole v. State*, 556 S.W.2d 343 (1977). Also see the opinions interpreting Art. 408a, V.A.C.C.P., 1925, which is the statute from which Art. 21.15, V.A.C.C.P., 1965, was derived. *Scott v. State*, 344 S.W.2d 457 (Tex.Cr.App. 1961); *Jones v. State*, 388 S.W.2d 716 (Tex. Cr.App.1965).

The judgment is reversed and the prosecution under this information is ordered dismissed.

Opinion approved by the Court.