v.

The STATE of Texas, Appellee.

No. 05–85–00377–CR.

Court of Appeals of Texas, Dallas.

May 22, 1986.

Lawrence B. Mitchell, Dallas, for appellant.

Donald G. Davis, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, HOWELL and HOLLINGSWORTH, JJ.

AKIN, Justice.

R ____ M ____ G ____ was convicted of indecent exposure. Punishment was assessed by the jury at a $1,000 fine, which was probated. Appellant contends on appeal: (1) that the information was fundamentally defective; and (2) that the trial court erred in denying him an opportunity to cross-examine a State's witness about matters affecting the credibility of the witness. We agree with both of appellant's contentions and, accordingly, reverse the judgment of the trial court and dismiss the information.

On the night of June 30, 1984, Officers Kenneth Gore and Gladys Villarreal were patrolling Reverchon Park on foot. As they patrolled a wooded hill in the park, Gore noticed appellant walking on a pathway about twenty or thirty feet away from Gore. Apparently noticing Gore, appellant stopped, unzipped his pants, exposed his penis, and masturbated for a few seconds. Villarreal did not see appellant's actions. Gore shouted "police", and appellant attempted to flee. After tripping and falling while running down the hill, appellant was apprehended and arrested by Gore and Villarreal.

■ Appellant was charged by information with the offense of indecent exposure. The information alleges, in pertinent part, that appellant:

did then and there expose to Kenneth Gore, his genitals with intent to arouse and gratify the sexual desire of the defendant, and the said defendant did so recklessly and in conscious disregard of whether another person was present who would be offended and alarmed by such act, to-wit: exposition of his genitals by the defendant to complainant.

Appellant contends on appeal that the information is fundamentally defective because it fails to allege with reasonable certainty the act or acts relied upon to constitute reckless conduct. We must agree.

Appellant was charged with violating Section 21.08 of the Texas Penal Code, which provides in pertinent part:

A person commits an offense if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is *reckless* about whether another is present who will be offended or alarmed by his act.

TEX.PENAL CODE ANN. § 21.08(a) (Vernon 1974) (emphasis added). When recklessness is an element of an offense, the information "must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness." TEX.CODE CRIM.PROC.ANN. Art. 21.15 (Vernon Supp.1986). It is not sufficient to allege merely that the accused, in committing the offense, acted recklessly. *Id.* If an information fails to allege a necessary element of the offense in the manner specified by article 21.15, the information is fundamentally defective. *Brown v. State*, 558 S.W.2d 471, 472 (Tex.Crim.App.1977).

Appellant argues that the information fails to allege the manner and means of appellant's reckless conduct and thus does not satisfy the requirements of article 21.-15. Because of the holding in *Brown*, we

must hold that the information in this case is fundamentally defective.

The Court of Criminal Appeals in *Brown* held that an information, that alleged explicitly an act of deviate sexual intercourse, but only alleged that the appellant was reckless about whether others were present who would be offended, was inadequate. The information needed to allege, apparently, either that the act was committed in a public place or other factors which would establish the "recklessness" of disregarding the possibility that others would be present. The information here complained of also fails to allege that the act was committed in a public place. The statement that appellant acted "in conscious disregard" of whether another person was present is nothing more than a restatement of one of the definitions of "reckless" under section 6.03(c) of the Penal Code. This is not sufficient to specify why the disregard was reckless in these circumstances. Hence, under the authority of *Brown*, the information here fails to specify how the act complained of was done recklessly. We are bound by the decision in *Brown*, although the analysis in that case was perfunctory at most. That court failed to explain why specifying that the recklessness went to a disregard of the danger that others would be present is not sufficient, or why a motion to quash is not necessary to preserve a request for greater specificity. Neither the information in *Brown* nor the information here merely alleges recklessness, as is prohibited by article 21.15. Nevertheless, we must follow the Court of Criminal Appeals' decision in *Brown*, and hold that this information is fundamentally defective.

■ Appellant next contends that the trial court erred in denying him an opportunity to cross-examine a State's witness about matters concerning the witness's credibility. We agree. Prior to trial the State filed a motion in limine to prohibit appellant from inquiring into any matters regarding defense counsel's attempts to speak with the arresting officers or any statements made by the officers to defense counsel or

his agents when refusing to discuss the arrest with them. Defense counsel objected to this motion, arguing that the testimony which the State sought to prohibit would tend to establish bias or prejudice of the officers against appellant. The trial court, nevertheless, granted the motion in limine.

At trial, defense counsel attempted to question Officer Gore on cross-examination concerning the matters covered by the motion in limine. The trial court refused to permit this questioning. Defense counsel then requested that he be allowed, out of the presence of the jury, to perfect a bill of exceptions. The trial court denied this request. Defense counsel shortly thereafter repeated his request, which was again denied. As a result, appellant filed a written bill of exceptions after the conclusion of the trial.

■ Initially, we note that Appellant's counsel should not have had to resort to a written bill of exceptions, which necessitated additional expense and time to both the State and the appellant. In refusing to permit appellant to make a bill of exceptions during trial, the trial court violated the procedure mandated by Article 40.09 of the Code of Criminal Procedure, which provides in pertinent part:

> When the court refuses to admit offered testimony or other evidence, *the party offering same shall as soon as practicable but before the court's charge is read to the jury be allowed*, out of the presence of the jury, *to adduce the excluded testimony or other evidence before the reporter....*

TEX.CODE CRIM.PROC.ANN. art. 40.09, subd. 6(d)(1) (Vernon Supp.1986). (emphasis added). Trial judges should adhere to the mandate of this statute rather than force the appellant's counsel to have to resort to a written bill of exceptions after trial.

We agree with appellant's contention that the trial court erred in denying him the opportunity to cross-examine Officer Gore about matters that appellant maintains would have demonstrated Gore's bias

or prejudice against appellant and thus would have affected Gore's credibility before the jury. The Court of Criminal Appeals has stated that "great latitude should be allowed the accused in showing *any fact* which would tend to establish ill-feeling, bias, motive and animus upon the part of any witness testifying against him." *Blair v. State*, 511 S.W.2d 277, 279 (Tex.Crim. App.1974) (emphasis in original). Moreover, a witness may be asked any question, the answer to which may tend to affect his credibility. *Koehler v. State*, 679 S.W.2d 6, 10 (Tex.Crim.App.1984). The credibility of Officer Gore was an especially important issue in this case because Gore was the State's only witness to the offense, which appellant denied committing. Consequently, we conclude that the trial court erred in denying appellant the opportunity to cross-examine Officer Gore about matters affecting Gore's credibility.

The State contends that the *Blair* rule is not applicable in this case because (1) Gore's animosity, if any, was directed at appellant's attorney and not at appellant; and (2) in *Blair* and other similar cases the animosity of the witness existed before the accused's arrest rather than arising afterward, as allegedly occurred in the case at bar. We cannot accept the State's contentions. We fail to perceive how a witness's animosity that arises after a defendant's arrest is any less harmful to the defendant than a witness's animosity that arises before the arrest. Similarly, we conclude that animosity directed toward a defendant's attorney may often be, as a practical matter, as harmful to the defendant as animosity directed toward him.

The judgment of the trial court is reversed and the information is dismissed.