The STATE of Texas, Appellant,

v.

Dennis TREVINO, Appellee.

No. 13–94–00598–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 15, 1996.

Rehearing Overruled Oct. 3, 1996.

---

Carl Lewis, County Attorney, Annette L. Smith, Assistant County Attorney, Corpus Christi, for appellant.

Jon J. Kelly, Corpus Christi, for appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

1. TEX. PENAL CODE ANN. § 39.02(a)(2) (Vernon

**OPINION**

DORSEY, Justice.

The State of Texas, through the Nueces County Attorney, appeals from the trial court's order granting a new trial to appellee Dennis Trevino in the case against him for misdemeanor abuse of official capacity.[1] We affirm.

Appellee Trevino, Maintenance Director for the City of Corpus Christi, agreed to paint City Manager Juan Garza's home. Appellee asked the City's head painter, Rogelio Santoya, to estimate the type and amount of paint that would be required to paint the Garzas' house. After receiving Santoya's estimate, the Garzas purchased the paint from a local retailer. Unfortunately, the paint they purchased was flat latex rather than semi-gloss as specified by Santoya, and since it had been mixed to color, could not be returned. When appellee learned that the wrong kind of paint had been purchased, and that it could not be returned, he instructed Santoya to purchase replacement paint using a City of Corpus Christi purchase order and to use the original paint for City painting needs. Santoya purchased the new paint and stored the original paint in the City Hall basement.

Appellee was indicted for "misapply[ing] by giving to Juan Garza or Rosario Garza for their personal use ... paint with a value of $200.00 or more, but less than $750.00, belonging to said City of Corpus Christi...." At trial, Santoya and his department supervisor, Gerald Walker, testified for the State regarding appellee's instructions to them to purchase the paint with City funds. They indicated that they took part in the scheme and that they knew it was illegal, but said that they participated anyway because appellee had threatened to fire them if they told anyone or refused to comply with his instructions.

The jury returned a verdict of guilty. Before sentencing, however, the trial court notified the parties that it was concerned that no jury instruction on accomplice witness testimony was included in the charge, and invited

1994).

appellee to seek a new trial on that basis. The court held a hearing, set aside the jury's verdict, and set the case for new trial. The State appeals from that order.

By three points of error, the State argues that the trial court abused its discretion in granting a new trial because no accomplice witness instruction was required, appellee waived any error by failing to request an instruction or object to its omission from the jury charge, and appellee suffered no egregious harm by the omission.

■ The State may appeal from a trial court's grant of a new trial in a criminal case. TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(3) (Vernon Supp.1996). The standard of review on appeal in such a case is abuse of discretion. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim.App.1993). We therefore examine the record to determine whether the trial court granted the new trial without reference to any guiding rules or principles or, in other words, whether the act was arbitrary or unreasonable. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App.1990); *Gregg v. State,* 881 S.W.2d 946, 950–51 (Tex.App.— Corpus Christi 1994, pet. ref'd).

■ The State argues in its first point of error that Santoya and Walker were not accomplices, either as a matter of law or fact, and therefore that the accomplice witness instruction was not required. The State points out that Santoya and Walker both insisted that they only took part in the scheme because appellee threatened to fire them if they refused or if they spoke about the scheme to anyone. The State urges that this testimony shows that Santoya and Walker were coerced into participating, and were therefore not willing accomplices.

An accomplice witness is one who participates with a defendant before, during, or after the commission of a crime. *Kunkle v. State,* 771 S.W.2d 435, 439 (Tex.Crim.App. 1986), *cert. denied,* 492 U.S. 925, 109 S.Ct. 3259, 106 L.Ed.2d 604 (1989). If a witness is an accomplice as a matter of law, the trial court must include the accomplice witness instruction in the jury charge. *Marlo v. State,* 720 S.W.2d 496, 497 (Tex.Crim.App. 1986); *Arney v. State,* 580 S.W.2d 836, 839 (Tex.Crim.App.1979). In order to be an accomplice as a matter of law, the witness must be susceptible to prosecution for the offense with which the accused is charged. *Marlo,* 720 S.W.2d at 497. A witness who implicates himself while testifying is an accomplice as a matter of law. *Gill v. State,* 873 S.W.2d 45, 48 (Tex.Crim.App.1994); *Kerns v. State,* 550 S.W.2d 91, 94 (Tex.Crim.App.1977).

In the present case, both Santoya and Walker admitted participation in the crime. Santoya testified that he purchased the paint at appellee's direction, that he picked up and transported the paint, and that he stored the original paint in the City Hall basement. He also signed the City of Corpus Christi purchase order for the paint. His testimony is replete with statements that he knew that what he did was wrong, and that he feared that "eventually it would catch up to all of us." Similarly, Walker testified that he knew what was happening was wrong. Walker also signed the purchase order for the paint, although he knew that the paint was intended for improper use. By implicating themselves in the crime, both Walker and Santoya became accomplices as a matter of law. *Gill,* 873 S.W.2d at 48; *Kerns,* 550 S.W.2d at 94.

■ Furthermore, the State's assertions that Santoya and Walker were coerced into participating in the scheme are unfounded. The Penal Code provides that it is an affirmative defense to a misdemeanor prosecution that a party participated in the crime due to force or threat of force that would render a person of reasonable firmness incapable of resisting the pressure. TEX. PENAL CODE ANN. § 8.05(b), (c) (Vernon 1994). Therefore, while it is true that a witness who claims his complicity in a crime was due to coercion or duress is not necessarily an accomplice, *see Marlo,* 720 S.W.2d at 500–01, we hold that coercion or duress would have to include "force or threat of force." The threat of losing one's job does not amount to force, and therefore is not sufficient to amount to duress such that the witness is not an accomplice.

In the current case, had Santoya and Walker been indicted for their participation in the crime, they would not have been entitled to a jury instruction on the affirmative

defense of duress because nothing in evidence or in their testimony showed that they participated in the crime due to appellee's "force or threat of force." Despite their concern over the potential of losing their jobs, we hold that Santoya and Walker were accomplices as a matter of law. An accomplice witness instruction was therefore required. *Marlo,* 720 S.W.2d at 497; *Arney,* 580 S.W.2d at 839. The trial court did not abuse its discretion in determining that it was error to omit such an instruction. The State's first point of error is overruled.

■ By its second and third points of error, the State argues that the trial court abused its discretion in granting a new trial because appellee waived any error by failing to timely object or request an accomplice witness instruction, and the omission of the instruction did not cause him to suffer egregious harm. Since appellee did not object or request an instruction, the State argues that even if it was error to omit the instruction that error only requires reversal if it was so egregious and harmful that the defendant did not receive a fair trial, citing *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). The State further argues that there was no egregious harm because appellee could have been convicted even without the testimony of Santoya and Walker, citing *Solis v. State,* 792 S.W.2d 95, 98 (Tex.Crim.App. 1990). We disagree.

■ A trial judge may, in his discretion, grant a motion for new trial in the interest of justice. *Gonzalez,* 855 S.W.2d at 694. As the Court in *Gonzalez* observed,

[f]or more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice. In *Mullins v. State,* 37 Tex. 337, 339–340 (1872–73), the Supreme Court, which at that time had criminal jurisdiction, held:

... The discretion of the District Court, in granting new trials, is almost the only protection to the citizen against the ille-

gal or oppressive verdicts of prejudiced, careless, or ignorant juries, and we think the District Court should never hesitate to use that discretion whenever the ends of justice have not been attained by those verdicts.

*Id.* What was true then is still true today. We believe that when a trial judge determines that justice has not been done, he has not only the power but also the obligation to order a new trial. Neither the intermediate appellate court nor the Court of Criminal Appeals is vested with such power, so it is imperative that the trial judge exercise this power when necessary.

In the present case, the trial court determined that "the Defendant was denied a fair trial," and that a new trial was required due to the error in the jury charge. The trial judge was present when the witnesses testified and all the evidence was presented and, under the circumstances, we cannot say that the court abused its discretion in determining that the demands of justice require a new trial. We do not believe that a defendant should have to object to the jury charge in order to "preserve error" such that a trial court can grant a new trial in the interests of justice.[2] The Court of Criminal Appeals has determined that the failure to request an accomplice witness instruction constitutes ineffective assistance of counsel, *Ex parte Zepeda,* 819 S.W.2d 874, 876–77 (Tex.Crim. App.1991)(per curiam), and that the failure to include an accomplice witness instruction may be fundamental error. *See Saunders v. State,* 817 S.W.2d 688, 692–93 (Tex.Crim.App. 1991)(en banc).

Having determined that the charge error denied the defendant a fair trial, the trial court was within its discretion to grant appellee's motion for new trial. It did not make an arbitrary or unreasonable decision in doing so, without reference to any guiding rules or principles. It therefore did not abuse its discretion. The State's second and third points of error are overruled. The trial

---

**2.** We recognize that the First District Court of Appeals in Houston has held to the contrary. *State v. Balderas,* 915 S.W.2d 913, 919 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). The Houston court cited no authority for the proposi-

tion that preservation of error through objection is necessary in cases where the State is appealing a trial court's grant of a new trial, and we do not find the argument persuasive. Therefore, we decline to adopt the holding of our sister court.

court's order granting a new trial is AF-FIRMED.