The STATE of Texas, Appellant,

v.

Albert McKNIGHT, Appellee.

No. 04–05–00295–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 18, 2006.

Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for appellant.

Jimmy Parks, Jr., Law Office of Jimmy Parks, Jr., Suzanne M. Kramer, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

The State of Texas appeals the trial court's order granting Albert McKnight's motion for new trial. The trial court granted the motion for new trial based on alleged charge error concerning the lesser included offense of disorderly conduct. The State contends that the trial court erred in granting the motion for new trial because McKnight did not show he was egregiously harmed by the charge error. McKnight asserts a cross-point contending that the trial court erred in submitting disorderly conduct as a lesser included offense of indecent exposure. We affirm the trial court's order.

### BACKGROUND

McKnight was charged with indecent exposure after an undercover park ranger, Officer Gabriel Escobedo, arrested him for exposing his penis to him in the woods at Brackenridge Park.

The jury charge submitted both the indecent exposure charge and a lesser included offense of disorderly conduct. The relevant portion of the charge relating to disorderly conduct reads as follows:

If you find the defendant Not Guilty of the offense [of] Indecent Exposure, read and consider the following regarding the lesser included offense of Disorderly Conduct:

Our law provides that a person commits an offense if he exposes any part of his genitals and he is reckless about whether another person is present who will be offended or alarmed by his act.

To warrant a conviction of the defendant in this case, you must find from the evidence beyond a reasonable doubt that:

1) the defendant, Albert McKnight, did expose any part of his genitals;

2) at the time defendant exposed his sexual organ, if he did, Gabriel Escobedo, was in plain view of the defendant, and within such distance as to be able to see *whether the Defendant* [italics is handwritten insert] did expose any part of defendant's genitals; and

3) such exposure of any part of defendant's genitals by defendant to Gabriel Escobedo, if any, under any circumstances, was conduct that was reckless about whether another is [sic] present who would be offended or alarmed by defendant's alleged act.

If you have a reasonable doubt as to whether any one or more of the foregoing matters have been established by the evidence, you cannot convict the defendant of the lesser included offense of Disorderly Conduct.

Now, if you find from the evidence beyond a reasonable doubt that on or about November 29, 2003, in Bexar County, Texas, the defendant, Albert W. McKnight, did intentionally or knowingly expose any part of his genitals to

Gabriel Escobedo, while the said Gabriel Escobedo was present and in plain view of the defendant and within such distance of the defendant as to be able to then and there see any part of the defendant's genitals, and if you further find from the evidence beyond a reasonable doubt that defendant's act of exposing any part of his genitals, if he did, in Gabriel Escobedo's presence and in plain view of Gabriel Escobedo, and within such distance as that Gabriel Escobedo was then and there able to see any part of his [sic] defendant's genitals, was conduct that established that defendant was reckless about whether another person was present who would be offended or alarmed by said act of exposure, then you will find the defendant guilty of the lesser included offense of Disorderly Conduct.

The jury convicted McKnight of disorderly conduct. McKnight filed a motion for new trial asserting that the jury had been misdirected about the law because: (1) the charge omitted the "public place" element with regard to the disorderly conduct offense; (2) the charge contained the phrase "any part of his genitals" as opposed to the term "genitals" in the disorderly conduct charge; and (3) disorderly conduct is not a lesser included offense of indecent exposure and no evidence was presented to establish that McKnight was guilty only of disorderly conduct. The trial court granted the motion for new trial, handwriting the following as its reason on the typewritten order, "Due to error in the portion of [the] jury charge related to Class C lesser included offense of Disorderly Conduct."

### STANDARD OF REVIEW

■ The State concedes that the trial court erroneously omitted the "public place" element of the disorderly conduct offense in the jury charge, thereby misdirecting the jury about the law. *See* TEX. R.APP. P. 21.3(b) (providing that defendant must be granted a new trial when the court has misdirected the jury about the law). Both the State and McKnight contend that this court must determine whether the trial court acted within its discretion in granting the new trial by determining whether the erroneous jury charge resulted in harm under the standards set forth in *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). We disagree that the trial court's discretion to grant a new trial in a case is governed by *Almanza.*

■ An appellate court reviews a trial court's ruling on a motion for new trial under an abuse of discretion standard. *Charles v. State,* 146 S.W.3d 204, 208 (Tex. Crim.App.2004). We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable. *Id.* A trial court abuses its discretion when no reasonable view of the record could support the trial court's ruling. *Id.*

In *State v. Belcher,* 183 S.W.3d 443, 447 (Tex.App.-Houston [14th Dist.] 2005, no pet.), the appellate court posed the following question, "For the trial court to have properly granted Belcher's motion for new trial, did Belcher have to show properly preserved error that would have entitled him to reversal on appeal from his conviction had the trial court not granted a new trial?" The court noted the State's argument that the trial court erred in granting a new trial because Belcher did not show properly preserved, reversible error. *Id.* The court then noted:

None of the cases cited by the State hold that a trial court may grant a new trial only after the movant shows error that would require reversal upon appeal from the conviction in question. The

State's argument misses the mark by equating the standard of review on direct appeal from a conviction with the trial court's exercise of discretion in determining whether to grant a motion for new trial.

*Id.* at 448.

Similarly, in *State v. Trevino*, 930 S.W.2d 713, 716 (Tex.App.-Corpus Christi 1996, pet. ref'd), the State argued that the trial court abused its discretion in granting a new trial "because appellee waived any error by failing to timely object or request an accomplice witness instruction, and the omission of the instruction did not cause him to suffer egregious harm." The appellate court rejected this standard asserting, "We believe that when a trial judge determines that justice has not been done, he has not only the power but also the obligation to order a new trial." *Id.; but see Henderson v. State*, 82 S.W.3d 750, 753–54 (Tex.App.-Corpus Christi 2002, pet. ref'd) (applying *Almanza* standard in reviewing trial court's ruling on motion for new trial).[1]

Both *Belcher* and *Trevino* rely on the following language from the Texas Court of Criminal Appeals' opinion in *State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex.Crim. App.1993), as support:

[f]or more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice. In *Mullins v. State*, 37 Tex. 337, 339–340 (1872–73), the Supreme Court, which at that time had

criminal jurisdiction held: "... The discretion of the District Court, in granting new trials, is almost the only protection to the citizen against the illegal or oppressive verdicts of prejudiced, careless, or ignorant juries, and we think the District Court should never hesitate to use that discretion whenever the ends of justice have not been attained by those verdicts."

*See Belcher*, 183 S.W.3d at 449; *Trevino*, 930 S.W.2d at 716; *see also State v. Zamora*, No. 11–05–00035–CR, 2006 WL 571891, at *3–4 (Tex.App.-Eastland Mar.9, 2006, pet. ref'd) (holding appellee not required to establish reversible error for a trial court to grant a motion for new trial) (not designated for publication).

Accordingly, the record is not required to establish reversible error under either the "some harm" or "egregious harm" standard set forth in *Almanza* in order for the trial court to exercise its discretion in granting a new trial. Because the State concedes that the charge erroneously omitted the element of public place, the trial court had the discretion to grant a new trial. The trial court was within its discretion to conclude that justice was not done in convicting McKnight when an erroneous charge left the jury ignorant of one of the elements the State was required to establish. *See Gonzalez*, 855 S.W.2d at 694.

## LESSER INCLUDED OFFENSE[2]

■ A two-prong test must be met before a jury charge instruction on a lesser-

---

**1.** The *Henderson* court cites *Almanza* as holding that a misdirection of the law by the trial court to a jury does not automatically warrant reversal according to article 36.19 of the Texas Code of Criminal Procedure. 82 S.W.3d at 753. Article 36.19, however, is entitled "review of charge on appeal" and speaks to the reversal of a judgment. *See* TEX.CODE CRIM. PROC. ANN. art. 36.19 (Vernon 1981). While appellate courts must strictly adhere to the applicable standards of review in determining

whether to reverse a trial court's judgment, the trial court is given broader discretion in granting a new trial. *See State v. Aguilera*, 165 S.W.3d 695, 698 n. 9 (Tex.Crim.App. 2005) (noting trial court has discretion to grant a motion for new trial in the interest of justice even on a basis that is not specifically enumerated in the rules of appellate procedure).

**2.** This court has the authority to address the issue of whether the trial court erred in in-

included offense must be given: 1) the lesser-included offense must be included within the proof necessary to establish the offense charged; and 2) some evidence must exist in the record that if the defendant is guilty, he is guilty only of the lesser offense. *Hampton v. State*, 109 S.W.3d 437, 440 (Tex.Crim.App.2003). Both prongs of the test must be met, regardless of whether such an instruction is requested by the defendant or by the state. *Id.*

 Under the first prong, an offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. TEX.CODE CRIM. PROC. ANN. art. 37.09(1) (Vernon 1981). In determining whether an offense is a lesser included offense as defined by article 37.09(1), we must examine: (1) the elements of the offense actually charged; (2) the statutory elements of the offense sought as a lesser included offense, and (3) the proof presented at trial to show the elements of the charged offense. *Jacob v. State*, 892 S.W.2d 905, 907–08 (Tex.Crim. App.1995). This does not mean the evidence presented at trial, viewed by itself, determines a lesser included offense. *Id.* at 908. Such an interpretation would negate the language of article 37.09(1) by changing "facts required" into "facts presented." *Id.* "Facts required" means the evidence legally required to prove the elements. *Id.*

 "A person commits an offense [of indecent exposure] if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act." TEX. PEN.CODE ANN. § 21.08(a) (Vernon 2003). "A person commits an offense [of disorderly conduct] if he intentionally or knowingly exposes his anus or genitals in a public place and is reckless about whether another may be present who will be offended or alarmed by his act." TEX. PEN.CODE ANN. § 42.01(a)(10) (Vernon Supp.2005).

McKnight contends that disorderly conduct is not established by proof of the same or less than all of the facts required to establish indecent exposure because the State is required to prove the exposure occurred in a public place to establish disorderly conduct which is not an element required to be proven to establish indecent exposure.[3] The State responds that because the information alleged that the exposure occurred "in a place open to the public" the information required the State to produce evidence that the indecent exposure occurred in a public place.

Article 21.15 of the Texas Code of Criminal Procedure provides as follows:

Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that

cluding the lesser included offense because it would be an alternative theory for sustaining the trial court's ruling if the trial court had stated the wrong reason. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990) (trial court's decision can be sustained if correct under any theory of the law even when trial judge gives wrong reason for his decision); *Sexton v. State*, 51 S.W.3d 604, 610 n. 10 (Tex.App.-Tyler 2000, pet. ref'd) (citing *Romero* as basis for upholding trial court's ruling on a motion for new trial on any theory

of the law even where trial court gives wrong reason); *see also Will v. State*, No. 74,306, 2004 WL 3093238, at *12 (Tex.Crim.App. Apr.21, 2004) (citing *Romero* for standard applicable in context of ruling on motion for new trial) (not designated for publication).

**3.** Indecent exposure also includes the element of "intent to arouse or gratify the sexual desire of another person" that is not an element of disorderly conduct.

the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence. TEX.CODE CRIM. PROC. ANN. art. 21.15 (Vernon 1989). In compliance with article 21.15, the information in this case alleged that McKnight was reckless because McKnight exposed himself in a public place. *See Brown v. State*, 558 S.W.2d 471, 472 (Tex.Crim.App.1977) (finding information charging public lewdness defective because it failed to allege act or acts relied upon to constitute recklessness such as act being committed in a public place); *State v. York*, 31 S.W.3d 798, 802 (Tex. App.-Dallas 2000, pet. ref'd) (holding information charging indecent exposure alleged recklessness with reasonable certainty when alleged that exposure occurred at a public park); *R— M— G— v. State*, 711 S.W.2d 397, 399 (Tex.App.-Dallas 1986), *aff'd, Gengnagel v. State*, 748 S.W.2d 227 (Tex.Crim.App.1988) (finding information charging indecent exposure defective because information "needed to allege, apparently, either that the act was committed in a public place or other factors which would establish the 'recklessness' of disregarding the possibility that others would be present."). Because the information was required to contain the public place allegation to describe the manner in which McKnight was reckless, one of the facts required to establish the commission of the offense charged was the occurrence of the

offense in a public place. TEX.CODE CRIM. PROC. ANN. art. 37.09(1) (Vernon 1981); *cf. Wray v. State*, 711 S.W.2d 631, 633 (Tex. Crim.App.1986) (noting that matter that is descriptive of that which is legally essential to charge a crime must be proven as alleged); *Bohnet v. State*, 938 S.W.2d 532, 535 (Tex.App.-Austin 1997, pet. ref'd) (noting if indictment includes a more specific description of element then State has burden of proving specific allegation). Based on the language contained in the information filed in the instant case, disorderly conduct was a lesser included offense of indecent exposure.[4]

### CONCLUSION

The trial court's order granting a new trial is affirmed.

Dissenting opinion by SARAH B. DUNCAN, Justice.

SARAH B. DUNCAN, Justice, dissenting.

It is uncontroverted that the trial court's charge on disorderly conduct omitted the public place element. But it is also incontrovertible that if McKnight committed the offense of disorderly conduct, he did so in a public place. The error in the disorderly conduct charge was thus not remotely harmful. Nor was this error the subject of an objection. Accordingly, the majority's affirmance of the trial court's order granting McKnight's motion for a new trial rests solely upon its conclusion that "the record is not required to establish reversible error under either the 'some harm' or 'egregious harm' standard set forth in *Almanza* in order for the trial court to exercise its discretion in granting a new trial."

---

4. We do note, however, that the application paragraph of the jury charge relating to the indecent exposure offense does not appear to contain any reference to public place as a fact required to be proven by the State.

I recognize that a trial court may grant a new trial in the interest of justice. *State v. Gonzalez,* 855 S.W.2d 692, 694 (Tex. Crim.App.1993). But it did not even purport to do so here. Rather, the trial judge granted a new trial in this case "[d]ue to error in the portion of [the] jury charge related to Class C lesser included offense of Disorderly Conduct." Since that error was unobjected-to and unquestionably harmless, I fail to see how a new trial serves the interest of justice. Nor can I see how it was anything other than an abuse of discretion, *i.e.,* "arbitrary or unreasonable" and "without reference to any guiding rules or principles." I would therefore reverse the trial court's order. Because the majority instead affirms, I must respectfully dissent.