NUMBER 13-06-00082-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ANTONIO SALDIVAR, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 107th District Court of Cameron County, Texas

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Benavides


In this case, appellant claims he received ineffective assistance of counsel because
his attorney failed to request a self-defense jury instruction. The issue before this Court is
whether a defendant charged with aggravated assault, who admits to exhibiting a deadly
weapon but denies culpability for the other assault elements, is entitled to such an
instruction. We hold that the defendant is not entitled to such an instruction because self-defense is only available as a defense theory for defendants who first admit to committing
the full offense. An attorney's failure to seek the instruction at trial does not, therefore,
constitute ineffective assistance of counsel. We affirm the judgment of the district court.

I. Factual and Procedural Background

On May 17, 2005, appellant Antonio Saldivar had an argument with Carlos De La
Cruz in the parking lot of De La Cruz's apartment complex in Brownsville, Texas. As their
confrontation escalated, Saldivar brandished a knife and made a stabbing motion towards
De La Cruz, although he testified that this maneuver was merely a "fake." De La Cruz, in
turn, picked up an item (a branch according to him, but a tire iron according to Saldivar) to
ward off a possible attack. The police arrived on the scene and arrested Saldivar. He was
charged with the second degree felony of aggravated assault with a deadly weapon.

At trial, Saldivar did not dispute that he carried a knife during the incident, but he
disputed the allegation of aggravated assault. A jury nevertheless found him guilty, and he
was sentenced to ten years imprisonment in the Texas Department of Corrections
Institutional Division. Saldivar moved for a new trial, claiming that his attorney's failure to
seek a jury instruction on self-defense constituted ineffective assistance of counsel. 
Saldivar further claimed that a new trial was necessary in the interest of justice. The district
court overruled the motion, and Saldivar now appeals the decision. 

II. Standard of Review

The standard of review when evaluating a trial court's denial of a motion for new trial
is abuse of discretion. Gonzalez v. State, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). 
A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner,
without reference to any guiding rules or principles. State v. Trevino, 930 S.W.2d. 713, 715
(Tex. App.-Corpus Christi 1996, pet. ref'd).

A lawyer's failure to seek a jury instruction to which his client is entitled may be
considered ineffective assistance of counsel. Vasquez v. State, 830 S.W.2d 948, 951 (Tex.
Crim. App. 2003). There is, however, a strong presumption that counsel rendered adequate
assistance and made all significant decisions in the exercise of reasonable professional
judgment. Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim App. 1986) (citing Strickland
v. Washington, 466 U.S. 668, 690 (1984)). In order to overcome this presumption, an
appellant must demonstrate by a preponderance of the evidence that (1) counsel's
performance was so deficient as to fall below an objective standard of reasonableness, and
(2) there is a reasonable probability that but for counsel's professional errors the trial result
would have been different. Id.

III. Applicable Law

Under Texas law, a person commits assault if he intentionally or knowingly threatens
another person with imminent bodily injury. Tex. Pen. Code Ann. § 22.01(a)(2) (Vernon
2006). The charge is elevated to an aggravated assault if the person uses or exhibits a
deadly weapon during the assault. Id. § 22.02(a)(2) (Vernon 2006). A defendant on trial
for assault is entitled to a self-defense instruction if there is some evidence that he intended
to use and did use force against another, but he did so only because he reasonably
believed it was necessary to prevent the other's use of unlawful force. Ex parte Nailor, 149
S.W.3d 125, 132 (Tex. Crim. App. 2004).

If, however, the evidence viewed in the light most favorable to the defendant does
not establish self-defense, then the defendant is not entitled to an instruction on the issue. 
Ferrel v. State, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001). The defendant is not entitled
to a self-defense instruction if he does not first admit to the actions and the mental state that
comprise the offense. Young v. State, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999). Texas
courts have frequently held that a defendant who does not first admit to the conduct that
violates a statute is not entitled to an instruction informing the jury that his conduct was
excusable. Gilmor v. State, 44 S.W.3d 92, 97 (Tex. App.-Beaumont 2001, pet. ref'd) ("the
logical corollary to being entitled to an instruction informing the jury that the charged
conduct was excusable under the law is that the accused admit to having committed the
charged conduct in the first place"); Anderson v. State, 11 S.W.3d 369, 372 (Tex.
App.-Houston [1st Dist.] 2000, pet. ref'd) ("self-defense is a justification for one's actions,
which necessarily requires admission that the conduct occurred"); MacDonald v. State, 761
S.W.2d 56, 60 (Tex. App.-Houston [14th Dist.] 1988, pet. ref'd) ("self-defense is
inconsistent with a denial of the conduct"). If a defendant is not entitled to a particular jury
instruction, then his attorney's failure to request the instruction is not deficient under the first
prong of the Strickland test for assessing ineffective assistance of counsel. Nailor, 149
S.W.3d at 133.

IV. Analysis 

To have been entitled to a self-defense instruction in his assault trial, Saldivar must
have confessed to the actions and mental state which comprise assault. He did not admit
to these elements. Instead, his proffered defense was a firm denial.

When asked on direct examination, Saldivar expressly denied intentionally or
knowingly threatening de la Cruz with bodily injury by trying to stab him. The nearest he
came to admitting that he violated the statute was his claim that he made a "fake" attempt
at attacking de la Cruz. Even on this point, however, Saldivar was adamant that his "fake"
was not actually an attempt to cause bodily harm to de la Cruz. Saldivar also claimed that
de la Cruz reached for a tire iron as if to use it as a weapon, but he explicitly stated that de
la Cruz never came towards him with the object in a threatening fashion. Saldivar never
once offered a self-defense rationale for his behavior during the confrontation.

Saldivar candidly admitted to carrying a knife during the incident, and he now argues
that this is an admission of culpability which entitles him to a self-defense instruction. We
disagree. Admitting to carrying a knife is not the same as admitting to assault. Saldivar is
merely conceding one element of the full offense. He denied culpability for the actual crime
with which he was charged: aggravated assault. Since Saldivar did not first admit to the
assault, he was not entitled to a self-defense instruction.

V. Conclusion

Because Saldivar was not entitled to a self-defense instruction, his attorney's failure
to seek such an instruction was not ineffective assistance of counsel. The district court did
not abuse its discretion in denying the motion for a new trial.

The judgment of the district court is AFFIRMED.


 _________________________

 GINA M. BENAVIDES,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 22nd day of February, 2007.