

# NUMBER 13-08-00280-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| THE STATE OF TEXAS, | Appellant, |
|---|---|
| v. | |
| ERIC WOJCIECHOWSKI, | Appellee. |

### On appeal from the 28th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Rodriguez**

Appellant, the State of Texas, appeals the trial court's order granting appellee Eric Wojciechowski's motion for new trial. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(3) (Vernon Supp. 2009) (allowing the State to appeal the granting of a defendant's motion for new trial). By two issues, the State complains that the trial court abused its discretion in

granting the motion for new trial: (1) based on allegedly undisclosed exculpatory evidence, *see generally Brady v. Maryland*, 373 U.S. 83 (1963); and (2) because Wojciechowski was competent to make a voluntary, knowing, and intelligent decision regarding the State's plea offer and was provided effective assistance by defense counsel in making that decision. We affirm.

## BACKGROUND

In August 2007, Wojciechowski entered the apartment of Jasmine Felix while she was asleep in her bed and removed his clothes. When Felix awoke, Wojciechowski was sitting on her bed completely naked. Felix screamed for help, and Wojciechowski left her apartment. Wojciechowski was subsequently indicted for burglary of a habitation with the intent to commit sexual assault. *See* TEX. PENAL CODE ANN. § 30.02 (Vernon 2003). Wojciechowski has maintained throughout the proceedings that "voices in his head" told him to enter the apartment because Felix wished to have consensual sex with him.

Prior to trial, the State offered Wojciechowski a plea bargain—in exchange for pleading guilty, Wojciechowski would be sentenced to only ten years' confinement. It is undisputed that Wojciechowski's trial counsel communicated this offer to Wojciechowski. However, there is conflicting evidence regarding whether Wojciechowski understood that he could receive more than ten years if he went to trial. In any event, Wojciechowski rejected the plea bargain and proceeded to trial. In January 2008, Wojciechowski was convicted by a jury of the indicted offense. The trial court sentenced Wojciechowski to twenty-two years' confinement in the Institutional Division of the Texas Department of Correctional Justice.

Wojciechowski's trial counsel filed a motion for new trial in early February 2008, alleging that the State failed to disclose material exculpatory evidence. Wojciechowski then hired new counsel, who filed a second motion for new trial in late February that adopted the grounds of the first motion and also argued that Wojciechowski did not make a voluntary, knowing, and intelligent decision to reject the State's plea-bargain offer because he was mentally incompetent at the time.

In late March 2008, the trial court held a hearing on Wojciechowski's motion for new trial. At the hearing, the court heard evidence regarding both the allegedly withheld exculpatory evidence and Wojciechowski's competence to make a decision on the State's plea bargain offer. In April 2008, the trial court granted Wojciechowski's motion for new trial.[1] This appeal ensued. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(3).

## STANDARD OF REVIEW and APPLICABLE LAW

Whether to grant or deny a motion for new trial is a decision within the sound discretion of the trial court. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). We review the trial court's decision for an abuse of discretion, examining the record to determine whether the court granted the motion for new trial arbitrarily or unreasonably or without reference to any guiding rules or principles. *State v. Trevino*, 930 S.W.2d 713, 716 (Tex. App.–Corpus Christi 1996, pet. ref'd). We affirm the trial court's action if it is correct on any theory of law applicable to the case and supported by the record. *State v. Read*, 965 S.W.2d 74, 77 (Tex. App.–Austin 1998, no pet.); *see also State v. Herndon*, No. 13-02-00518-CR; 2008 WL 2514811, at *1 (Tex. App.–Corpus Christi June 25, 2008, pet. dism'd) (mem. op., not designated for publication).

---

[1] The trial court did not state the grounds on which it granted Wojciechowski's motion for new trial.

3

A defendant's competency to stand trial can be challenged in a motion for new trial. *Purchase v. State*, 84 S.W.3d 696, 699 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd) (citations omitted). When a trial court hears a defendant's motion for new trial based on competency, it should apply the normal standard used in deciding a motion for new trial, under which the trial court considers all the evidence presented, judges the credibility of witnesses, and resolves conflicts in the evidence.[2] *See id.*; *see also Dominguez v. State*, No. 02-08-00056-CR, 2009 WL 579294, at *1 (Tex. App.–Fort Worth Mar. 5, 2009, no pet.) (per curiam) (mem. op., not designated for publication).

## DISCUSSION

By its second issue, the State argues that the trial court erred in granting Wojciechowski's motion for new trial on the basis that he was incompetent to make a knowing, voluntary, and intelligent plea decision. We disagree.

Under the Texas Code of Criminal Procedure, "[a] person is incompetent to stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (Vernon 2006). The law on competency applies, in addition to an actual

---

[2] We note that the Beaumont Court of Appeals recently held that the traditional motion for new trial standard of review should not apply when the issue of competency is raised. *Lasiter v. State*, 283 S.W.3d 909, 925-26 (Tex. App.–Beaumont 2009, pet. ref'd). Rather, the Beaumont court concluded that trial courts should "apply a bona fide doubt standard to competency issues raised in motions for new trial," the same standard used by trial courts to determine whether a defendant is entitled to a competency hearing. *Id.* at 926. The issue on appeal in *Lasiter*, however, is not the same as the issues raised here by the State. The defendant in *Lasiter*, whose motion for new trial was denied, complained of the trial court's failure to conduct an evidentiary hearing on his claim that he was incompetent during his plea and punishment proceedings. *Id.* at 925. In this case, Wojciechowski's motion for new trial was granted by the trial court after an evidentiary hearing, and the State challenges the court's decision to grant the motion, not its decision to hold a hearing. As a result, we conclude the holding in *Lassiter* is inapposite to this appeal.

4

trial on the merits, to plea bargaining—in other words, a defendant's decision regarding a plea bargain offer is not voluntary, knowing, and intelligent unless he is legally competent. *See Edwards v. State*, 993 S.W.2d 171, 175 (Tex. App.–El Paso 1999, pet. ref'd) (addressing appellant's contention that his guilty plea was involuntary, in part, as an issue of competency); *see also* Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2009) (providing that a plea of guilty should not be accepted by the trial court unless the defendant appears mentally competent and enters the plea voluntarily); *Ceasar v. State*, Nos. 01-07-00769-CR, 01-07-01028-CR, 2008 WL 2611927, at *3 (Tex. App.–Houston [1st Dist.] July 3, 2008, no pet.) (mem. op., not designated for publication).

At the hearing on Wojciechowski's motion for new trial, the trial court heard testimony from Wojciechowski and his trial counsel. Wojciechowski's trial counsel testified that Wojciechowski "didn't really acknowledge" the plea bargain offer when counsel communicated it to him. Instead, counsel stated, "what [Wojciechowski] said and kept saying throughout the time I represented him is, I don't think I did anything wrong." When asked whether Wojciechowski was capable of making a voluntary, knowing, and intelligent decision regarding the plea bargain offer, Wojciechowski's trial counsel stated, "I can't tell you that. I mean he said the right words. When I would talk to him he made sense. But that doesn't mean the mental illness wasn't in there and I didn't see it." However, when questioned by the prosecutor about whether Wojciechowski was able to aid in the preparation of his defense, counsel stated, "Yes, he was."

Wojciechowski testified that he has severe mental health issues that have gone untreated his entire life. He testified that he hears voices and that the voices advise him

5

in making life decisions. With regard to the plea bargain offer, Wojciechowski stated that he never understood that he could receive more than ten years' confinement if the case went to trial. He believed that he was eligible for probation and that, even if he went to trial, the most he could receive was ten years. When questioned about whether the voices guided him in making his decision regarding the State's plea bargain offer, Wojciechowski testified as follows:

> Usually [the voices] are helpful. This time I thought they were being helpful but they weren't being exactly helpful because if they would have been helpful, they would have told me that I would have got worse. But it was never under the impression from anybody that it was going to get worse than ten.

The court also took judicial notice of and considered the report of Joel Kutnick, M.D., a psychiatrist who had examined Wojciechowski prior to trial in connection with a possible insanity defense. Dr. Kutnick's exam took place close in time to when Wojciechowski made his decision regarding the plea offer. His report included the following conclusions:

> The defendant is an alert white male. . . . His conversation is logical and goal directed. His associations are good. He is able to explain himself. At times, he laughs inappropriately. He does have psychotic symptomatology. He has auditory hallucinations. According to his mother, he also has paranoid ideation and is somewhat delusional about people spying on him. He is oriented to person, time, and place. His recent and remote memory appear to be intact. His attention and concentration span are adequate enough to carry on a coherent conversation. His intelligence is judged to be in at least the average range. He has absolutely no insight into himself. Basically, he does not understand he is quite mentally ill. . . .
>
> . . . .
>
> As I was interviewing the defendant, I felt he was definitely mentally ill. The mother's history confirms this. He has the typical symptoms of Schizoaffective Disorder. He is paranoid and delusional. He has periods of depression and mania. He does hallucinate.

Although Wojciechowski's trial counsel testified that he believed Wojciechowski was able to aid him in preparation of his defense, he also stated in his testimony that he had doubts as to whether Wojciechowski understood the plea-bargain offer. Wojciechowski asserted by his testimony that he never understood the plea bargain offer or the ramifications of rejecting it, i.e. that he could receive more prison time if he went to trial. Furthermore, it also appears based on Wojciechowski's testimony that his decision regarding the plea offer was guided by the "voices in his head." The report of Dr. Kutnick confirmed that Wojciechowski has schizoaffective disorder and suffers from hallucinations and paranoid delusions. However, Dr. Kutnick's report also indicated that Wojciechowski is able to carry on a coherent conversation and appears oriented to person, time, and place.

"Faced with conflicting testimony regarding [a defendant]'s mental condition, the trial court, as finder of fact at the hearing, [is] entitled to assess the credibility of witnesses and believe or disbelieve any testimony presented." *Purchase*, 84 S.W.3d at 700. The trial court here was confronted with just such a conflicting state of evidence. Therefore, faced with the conflicting evidence and testimony regarding Wojciechowski's mental state and understanding of the plea bargain, we cannot conclude that the trial court abused its discretion in granting Wojciechowski's motion for new trial. *See Trevino*, 930 S.W.2d at 716. There was evidence presented at the hearing that Wojciechowski did not have a rational or factual understanding of the plea bargain offered by the State, *see* TEX. CODE CRIM. PROC. ANN. art. 46B.003(a), the trial court was entitled to credit that evidence, and

7

it did not err in granting Wojciechowski's motion for new trial on that basis. *See Purchase*,

84 S.W.3d at 699.

Having overruled the State's second issue on competency grounds, we need not

reach the State's remaining issue regarding the alleged *Brady* violation. *See* TEX. R. APP.

P. 47.1; *see also Read*, 965 S.W.2d at 77 (holding that the court of appeals can affirm the

trial court's action if it is correct on any theory of law applicable to the case and supported

by the record).

## CONCLUSION

The order of the trial court granting Wojciechowski's motion for new trial is affirmed.

_____

_____
                                          NELDA V. RODRIGUEZ
                                          Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 17th
day of December, 2009.