MARK MULLINS v. THE STATE.

1. The record in a criminal case failed to show that notice of appeal was given in the court below, but the judgment of the court below directed that the defendant " be securely kept in the county jail for the period " of sixty days, at the expiration of which time, unless otherwise di- " rected by the Honorable the Supreme Court of Texas, he should be " conveyed to the penitentiary." Upon this recital of record, this court will presume that the notice of appeal was properly given, but was omitted by neglect of the district clerk.

2. To constitute the crime of theft, the taking must be an actual and intended fraud upon the rights of another ; the taking must include the purpose and intent to defraud ; it must be an intentional taking without the consent of the owner, an intentional fraud, and an intentional appropriation.

3. Intent, being a purpose of the mind, is discoverable only through the acts of the person ; yet by the acts the intent can, in most cases, be proved with as much certainty as if it was a thing to be seen and felt, and therefore no person should be punished for an act, when the intent forms a material part of the offense, until the intent has been demonstrated beyond reasonable doubt.

4. See this case for evidence held to be insufficient to sustain a conviction for theft, and also for admonition to district judges relative to the granting of new trials.

APPEAL from Burleson. Tried below before the Hon. J. M. Onins.

22

The material facts of the case are sufficiently stated in the opinion of the court.

*Robards & Blackburn*, for the appellant.

*William Alexander, Attorney-General*, for the State.

OGDEN, J. In October last, this appeal was dismissed for the reason that the record failed to show, in terms, that notice of appeal had been given in the court below. But the opinion was held up at the request of counsel, and no judgment in the case has been entered. Upon a reconsideration of the judgment of the lower court, we are convinced that a notice of an appeal was given, and that the transcript contains evidence of that fact, notwithstanding no formal notice was entered by the clerk in the records of the court. The judgment orders that the defendant "be securely kept in the county jail for the "period of sixty days from this date, at the expiration of which "time, unless otherwise directed by the Honorable the Supreme "Court of Texas, he will be conveyed by the sheriff to the "penitentiary." This portion of the judgment of the court must have been founded upon a notice of an appeal, as the District Court has no authority to retain a convict in the county jail for the orders of this court, unless notice of an appeal has been formally given in that court; and we are therefore induced to treat the case as though the clerk had fully performed his duty, and entered upon the record this appeal in its proper order and form.

Theft is the fraudulent taking of property, with intent to deprive the owner of the value of the same, and to appropriate it to the use of the person taking. The taking must be a fraud upon the rights of another, and that must be an actual and intended fraud, and not a constructive or legal one. The crime of theft is not constituted by the taking, nor the fraudulent taking, but it also includes the purpose and intent to defraud. There must be an intentional taking without the con-

sent of the owner, an intentional fraud, and an intentional appropriation, or the crime of theft is incomplete. And the intent must be clearly established in every instance where a party is charged with theft; or he is entitled to an acquittal. It is true that the intent, being an act or purpose of the mind, is undiscoverable excepting through the acts of the person; yet, in most cases, the acts of the person will demonstrate the intent as clearly and with as much certainty as though it were an object that could be seen or felt; and therefore, no person should be punished for an act, especially where the intent forms a material part of the offense, until that intent has been demonstrated beyond a reasonable doubt.

In the case at bar, we think the evidence before the jury on the trial below wholly failed to prove a fraudulent or felonious intent on the part of the appellant. He is charged with the theft of a horse, which a neighbor of his had driven into his pen, as his property, and which, after a thorough examination he pronounced his, and appropriated it in the same manner as an honest man would have done with property he believed to be his. In selling the horse to Isbell, his neighbor, in payment of a debt due, with a full knowledge that it was to be kept and used in that neighborhood, he exhibited anything but a fraudulent or felonious purpose or intent. And when the prosecuting witness called on him in regard to the horse, he seems to have stated the whole truth about the animal, without any reservation, hesitation, or concealment, and told Mr. Parker that he had let Isbell have the horse, supposing it to be his, but said if it was Parker's he should have it. We can see no evidence of a guilty intention in these facts, and there is none in the record.

There is no objection to the charge of the court. The law which should have governed the verdict of the jury was given them in a very concise and clear manner, and had they regarded those charges as they should have done, we think the verdict would have been quite different. But we think the court erred in overruling the motion for a new trial. The discretion of

the District Court, in granting new trials, is almost the only protection to the citizen against the illegal or oppressive verdicts of prejudiced, careless, or ignorant juries, and we think the District Courts should never hesitate to use that discretion whenever the ends of justice have not been attained by those verdicts. Under the law, this court, unlike the District Courts, has but limited authority over the verdicts of juries upon the facts. But when there is a clear absence of all evidence to sustain any material allegation, then it is the duty of this court to interpose what authority it has in the correction of errors in the verdicts of juries. The judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.