[No. 2739.]

## JACOB WOLF v. THE STATE.

1. THEFT—INTENT.—To constitute theft the taking must be an actual and and intended fraud upon the rights of another; it must include the purpose and intent to defraud; it must be an intentional taking without the consent of the owner, an intentional fraud, and an intentional appropriation.

2. SAME.—The trial court sitting in a theft case without the intervention of a jury found its conclusions of fact as follows: "This cause was submitted to the court, and from the evidence the court found that defendant took the corn in question to pay himself for what he considered the prosecuting witness owed him, without his consent and in his absence." *Held*, insufficient to show a fraudulent intent, and hence insufficient to support a conviction for theft.

APPEAL from the County Court of Falls. Tried below before the Hon. E. C. Stuart, County Judge.

The information charged the theft of sixteen bushels of corn of the value of twelve dollars, the property of H. C. Martin, on the sixth day of December, 1882. The penalty imposed by the judgment of conviction was a fine of ten dollars and confinement in the county jail for one hour.

The motion for new trial assailed the judgment as against the law and the evidence. The evidence showed that Martin owed the defendant about eight dollars, and that in Martin's absence the defendant went to Martin's place, and, with the assistance of an employe of Martin, measured and took off sixteen bushels of Martin's corn.

*Reagan & Knox*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This case was tried by the court without the intervention of a jury. A statement as to the conclusions formed by him is made by the county judge as follows, viz:

"This cause was submitted to the court, and from the evidence the court found the defendant guilty, concluding that

defendant took the corn in question to pay himself for what he considered the prosecuting witness owed him, without his consent and in his absence."

If this finding of the court is correct—and we concur in its correctness as shown by the facts before us—then the defendant, however liable he might be in trespass, is not guilty of theft. A fraudulent intent is the essential ingredient of theft, and this intent must exist at the time of the taking. "The taking must be an actual and intended fraud upon the rights of another; the taking must include the purpose and intent to defraud; it must be an intentional taking without the consent of the owner, an intentional fraud, and an intentional appropriation." ( *Mullins* v. *The State*, 37 Texas, 337; *Johnson* v. *The State*, 1 Texas Ct. App., 118.)

All the circumstances attending the taking, as developed in the statement of facts, indicate to our minds a total want of those criminal elements which constitute theft.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 19, 1883.