RECEIVED IN
The Court of Appeals
Sixth District

JAN 2 3 2015

Texarkana, Texas
Debra Autrey, Clerk

ᵈ6- 14- 00 239- CR

6th COURT OF APPEALS
OF
TEXARKANA, TEXAS

FILED IN
The Court of Appeals
Sixth District

[JAN 2 6 2015

Texarkana, Texas
Debra K. Autrey, Clerk

---

APPELLANTS PRO,SE BRIEF
MOTION TO ABATE THE APPEAL
BACK TO THE 354th DISTRICT
COURT TO FILE AN
OUT-OF-TIME MOTION FOR NEW TRIAL

---

APPELLANT MARK EUGEN ENGLE PRO, SE


V.


THE STATE OF TEXAS
TRIAL CAUSE No. 29110
COURT 354th DISTRICT COURT
HONORABLE JUDGE BEACOM

---

Mark Eugene Engle
TDCJ# 1958430
Connally Unit
899 FM 632
Kenedy, Texas 78119
    Pro Se

Honorable Judge Beacom
Of
354th District Court


(1)

## IDENTITY OF PARTIES

APPELLANT: Mark Eugene Engle

HONORABLE: Judge Beacom

# TABLE OF CONTENTS

| | page |
|---|---|
| Identity of Parties | 2 |
| Index of Authorities | 4 |
| Statement of The Case | 5 |
| Statement of Facts | 6 |
| Issue Presented | 7 |

INDEX OF AUTHORITIES                                          Page

1) Ashe V. Swenson 397 U.S. 436,443 (1970)                   9,10

2) Carter V. State 656 SW2d 468,469 (Tex. Crim. APP. 1983)    8

3) Callis V. State 756 SW2d 826,827 (Tex. APP. Houston
   [1st Dist.] 1988 No Pet.).                                  7

4) CF. State Ex Rel. Cobb V. Godfrey 739 SW2d 47,49
   (Tex. Crim. APP. 1987).                                     7

5) Cooks V. State 240 SW3d 906,907-08 (Tex. Crim. APP.
   2007).                                                      9

6) Drew V. State 743 SW2d 207 (Tex. Crim. APP. 1987).         8

7) Garcia V. Garza 729 F. Supp. 553,554 (S.D. Tex. 1989)     10

8) United States V. Gonzalez 548 F. 2d 1185,1191 (5th
   Cir. 1987).                                                10

9) Garcia V. Dial 596 SW2d 524, 528 (Tex. Crim. APP.
   [ panel op.] 1980).                                         8

10) De La rosa V. Lyhaug 817 F. 2d 259, 263 (5th Cir.
    1987).                                                    10

11) Franks V. Delaware 438 U.S. 154, 155-61, 98 S. Ct.
    2674 (1978).                                              11

12) Harris V. State 227 SW3d 83,85 (Tex. Crim. APP. 2007)    11

13) Heitman V. State 789 SW2d 607, 610-11, ( Tex. APP-
    Dallas 1990 pet ref'd)                                    11

14) Gonzalez 855 SW2d at 694                                  11

15) Hernandez V. State 726 SW2d 53, 57 (Tex. Crim. App.
    1996).                                                     9

16) Kohler V. Englade 470 F. 3d 1104, 1113 (5th Cir. 2006)   11

17) Myers V. Johnson 76 F3d 1330 (CA. S 1996)                 7

18) Mullins V. State 37 Tex. 337, 339 (1872,73)              11

19) Dixon, 893 SW2d at 288                                    11

20) Ex-Parte Mathes 830 SW2d 596, 598 (Tex. Crim. App.
    1992)                                                     10

21) Rezac V. State 782 SW2d 869, 870 (Tex. Crim. App.         8

22) Reynolds V. State 4 (SW 3d)  13, 23 (Tex. Crim. App.
    1999)                                                     10

23) Strickland V. Washington 466 U.S. 668, 104 S. Ct.
    2052 80 L.Ed. 2d 674 (1984)                               9,11

24) Sambrano V. State 754 SW2d 768 (Tex. App. San Antonio 1988, no pet, )   11

25) State V. Nash 817 SW 2d 837, 840 (Tex. App. Amarillo 1991 pet. ref'd)   10

26) Ladner V. State 780 SW 2d 247, 258 (Tex. Crim. App. 1989)   10

27) Adams V. U.S. 287 F2d 701,705 (5th Cir. 1961)   10

28) Rios V. State 901 SW 2d 704, 706 (Tex. App. San Antonio 1995,no pet.)   8

29) Torres V. State 804 SW 2d 918 (Tex. App. El-Paso 1990 no pet,)   8

30) State V. Evans 843 SW 2d 576 (Tex. Crim. App. 1992)   11

STATUTES:

1) Tex. R. APP. PROC. 31 (a)   7
2) Tex. R, APP. P.2 (a) 80 (c)   7,8
3) Tex. R. APP. P.31 (e) (2) 32   8
4) Tex. R. APP. P.30 (b)   8
5) Tex. APP. P. (3) 74,90,(A)   8
6) Tex. R. APP. PROC. 21.4   9

CONST.

1) Tex. Const. Art. V. Sub. Sec. (b)   8

GOV'T CODE:

1) 22.201, 22.205 (Vernon 1988)   8


Tex. Code. Crim. Proc. 4.01, 4.03   8

# STATEMENT OF THE CASE

On December 7th 2012 at 3:50 pm, I was arrested for failure to signal, intent to turn. While in jail I was held until they got a complaint and arrest warrant for the specific offense of sexual assault. No consent to search ~~to search~~ was given. Nothing in view or in plain view was seen at the time of arrest. The police removed a locked safe from the backseat of my automobile. Police broke into the safe and removed 4.1 grams of methanphetamines. Complaint of probable cause was written at 6:00 pm . They then got a search warrant as stated in the affidavit for search warrant which was sealed when they got the search warrant that has no specific offense, no name of accused, no vehicle to be searched, no make or model of vehicle to be searched only locked boxes and safe. It has a signature of a district Judge and issue time of 6:28 pm. On Feb. 4th 2013 an examining trial was held. The Judge found no probable cause in the complaint, arrest warrant, and search warrant for the specific offense of sexual assault. I was held over on the drugs taken as a result of the search warrant for the specific offense of sexual assault. In Sept. 2014 a hearing was held on a motion to suppress evidence, (drugs) based on the search warrant for the sexual assault that has been dismissed. No probable cause, motion denied. Counsel then suggests pleading to a jury. I retracted my not guilty plea to a plea of guilty. I was given a right to appeal on Oct. 1st 2014. Jury then hands down a life sentence. From the time I was given my sentence up to the point was appellant counsel appointed was a total of 20 days. This was a crucial stage to file a motion for new trial that I was without counsel. I recieved ineffective assistance of counsel who abbandond my only defense, which was the doctrine of collateral estoppal. Had she raised this defense the probability of the out come would have been different. The state could not have used the drugs in the sexual assault complaint that was dismissed. I also received ineffective assistance of counsel who failed to investigate the search warrant had she the probability of the outcome would have been different she would have discovered that the search warrant had false statements or misleading and the judge would have dismissed this case as well.

## STATEMENT OF FACTS

If this Honorable Court would look at the clerks record and the court reporter records, it will show that appellants was without counsel for (20 days) which is a critical stage to file a motion for New Trial and that he received ineffective assistance of counsel on two issues. (one) Trial counsel abanddond his only defense in the drug case which was the doctrine of collateral estoppel. (two) Trial counsel failed to investigate the search warrant had she, she would have discovered that it was misleading and false statements.

## ISSUE PRESENTED

Did the trial court deny appellant counsel in
a critical stage of twenty days to file a motion
for a new trial.

## FACTS WITH AUTHORITIES

Appellant files this motion brief to Abate and remand
the case to the trial court so he may file an out-of-
time motion for a New Trial based on the State denied
him counsel at a critical stage of (twenty days) to
file a motion for New Trial and he received ineffetive
assistance of counsel in two issues:

Appellant brings this brief that he has a right to submit
a pro,se Brief see. Case: Myers v. Johnson 76 F3d 1330 (
CA. 5 1996)

## STANDARD

The time for filing a motion for a New Trial has expired.
Texas Rules Appellant procedure 31 (a). In an appropriate
case for good cause shown this honorable court may suspend
requirements and provisions of any rule in a particular case on
application of a party or on this court own motion and may order
proceedings in accordance with your direction. TEX. R. APP. P.2
(b), 80 (c). This includes Abating an appeal for an out-of-time
motion for a New Trial. Schaired v. State, 786 s.w. 2d 497, 498
(Tex. APP.- Houston [1st Dist.] 1990, no pet.), Callis v. State,
756 S.W. 2d 826, 827 (Tex. App. - Houston [1st Dist.] 1988, no pet).
CF. State ex rel. Cobb v. Godfrey, 739 S.W. 2d 47, 49 (Tex. Crim.
App. 1987). (Trial court had no jurisdiction to rule on motion for
New Trial after it had been overruled by operation of Law, and
court of Criminal Appeals would not utilize rule 2(b) in absence
of showing of good cause).

(7)

In Torres v. State, 804 s.w. 2d 918 (Tex. App. EL PASO 1990, no Pet) (Opinion of June 6, 1990) The appellate court was asked to Abate the appel and return the case to the Trial Court for a hearing on the question of ineffective of assistance of counsel. In the opinion on motion for rehearing, the court held that such a procedure would not violate that portion of appellate rule 2 (b) prohibiting the suspension of code of criminal procedure provisions, because time limits for motions for New Trial are no longer covered by statute but by court rules. Id. at 920.

This courts jurisdiction is constitutionally and legislatively created. Tex. Const. Art. v. Subsection 6, Tex. Gov't code subsection 22.201, 22.205 (vernon 1988), Tex.Code Crim. Proc. Ann. Arts. 4.01, 4.03 (vernon supp. 1991).

A party invokes this court's appellate jurisdiction by timely filing a notice of appeal. Shute v. State, 744 SW2d 96, 97 (Tex. Crim. App. 1988). Once a court acquires jurisdiction of a case. "That jurisdiction embraces everything in the case and every question arising which can be determined in the case. Garcia V. Dial, 596 SW2d 524, 528 (Tex. Crim. App. [ Panel Op. ] 1980). Lack of jurisdiction and the improper exercise of jurisdiction are vitally different concepts Id. at 528 N. 5 " Once jurisdiction of an appellat court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute." Carter V. State, 656 SW 2d 468, 469 [Tex. Crim. App. 1983), see also Rezac V. State, 782 SW 2d 869, 870 (Tex. Crim. App. 1990), The determination of a motion for New Trial is within the province of the Trial Court. Tex. R. App. P. 30. 31. Were this court to allow appellate to file a motion for New Trial in this court, and were to grant or deny to motion themselves, then this court would be exceeding the limits of their authority as suggested by El Paso court of appeals in Torres V. State However this is not the case when all this court will do is abate the appeal so that a motion for New Trial may be presented to the judicial body authorized to act upon it, that is the trial court would not disturb the judgement and this court would not be exceeding there jurisdiction. It would be the trial court to decide the merits of a motion for New Trial is warranted under appellate rule 30 (b) the court shall grant the motion and only then would the judgement be effected Tex. R. App. P.31(e) (2), 32. If the Trial Court finds otherwise, the court shall deny the motion or the motion shall be considered overruled by operation of law. And that action would be a proper subject for a point of error before this court uner the appropriate standard of appellate review such case. Tex. App. P. 31 (e) (2), (3) 74, 90(a). This court should be mindfull of Drew V. State, 743 S.W. 2d 207 (Tex. Crim. App. 1987), in which the court held that the trial court did not err in denying a late filed motion for New Trial because the trial court did not have jurisdiction to act on a late motion for New Trial. Unlike Drew where the Trial Court did not have jurisdiction under the then existing statute. (1) This honorable court have jurisdiction over the case, this Honorable Court have the authority to suspend Rule 31 (a) and remand this case to the Trial Court for an out-of-time motion for New Trial. Tex. R. App. P.2 (b) petitioner, appellate turn to the issue of the issue of the second exercise of this Honorable Court discretion and

(8)

appellant issue given was, did the Trial Court deny appellant counsel in a critical stage of twenty days to file a motion for New Trial.

## UNDER TRAP 21.4

see. Cooks V. State, 240 S.W. 3d 906, 907-08 (Tex.Crim. App. 2007) "A defendant has thirty days to file a motion for New Trial after the date that the Trial Court imposes or suspends sentence in open court. This case presents the question of whether this thirty day period of time is a critical stage during which a defendant is constitutionally entitled to effective assistance of counsel in filing a motion for New Trial. We decide that this period is a critical stage of a criminal proceeding, but that the deprivation of effective assistance of counsel is subject to analysis for prejudice or harm.

Appellant aledge that he received ineffective assistance of counsel from trial counsel on two issues. They are trial counsel abandond his only defense in the drug conviction which was the doctrine of collateral estoppel. Had counsel aledge this defense the reasonable probability outcome would have been allowed to use the same evidence in the sexual assult complaint that was dismissed because the judge did not find probable cause to indict him. The State used the evidence of the drugs to charge him from the complaint that was dismissed sexual assault, he would not have to plea guilty to the charges, they would be dropped.

To prove ineffective assistance of counsel, a defendant must show by a preponderance of the evidence that (1) his counsel's representation was deficient, and (2) the deficient performance was so serious that it prejudiced his defense. Strickland V. Washington, 466 U.S. 668, 104 S.Ct. 20s2, 80 L.Ed 2d 674 (1984), Hernandez V. State, 726 S.W. 2d s3, s7 (Tex. Crim. App. 1996). In the statement of the case appellant aledge facts that on December 7th 2012 at 3:50 see clerks record that he was arrested for failure to signal intent to turn while in jail he was given a complaint and arrest warrant for sexual assault. No consent to search was given nothing on view or in plain view at the time of the arrest the police removed a locked safe from the back seat of his automobile. Police broke into the safe and removed 4.1 grams of methanphetamine. Complaint on Feb. 4th 2013 an examining trial was had the judge found no probable cause in the complaint, arrest warrant, and search warrant for the the specific offense of sexual assault. He was heldover on the drugs taken as a result of the search warrant for the specific offense sexual assault on Sept. 2014 a hearing on motion to suppress evidence (drugs) is had based on the search warrant for the sexual assault that has been dismissed no probable cause, motion denied. Counsel is ineffective for not useing collateral estoppal defense. Collateral Estoppel applies in both criminal and civil proceedings seesee Ashe V. Swenson 397 U.S. 436, 443 (1970), see generally restatement (second) Of judgements subsection 27 (" Issue Preclusion"0 (defending general rule of issue preclusion applicable in both civil and criminal proceedings), cf. 18 c. Wright, A Miller and E. Cooper, Federal Practice and Procedure subsection 4421, P. 192 (1981) ("Issue preclusion attaches only to determinations that were necessary to support the judgement entered in the first action").

(9)

Under this constitutionally based doctrine of collateral estoppel, "When an issue of ultimate fact has once been determined by a valid and final judgement, that issue cannot again be litigated between the same parties in any future lawsuit. see. Ashe, 397 U.S. at 443, see. Also State V. Lee, is (S.W. 3d) 921, 929 (Tex. Crim. App. 2000) ( concurring op.) (" if a verdict at trial necessarily includes the determination of an ultimate fact issue in the defendants favor, and if proof of that issue is necessary for the prosecution to convict the defendant in a subsequent proceeding then the prosecution is estopped from relitigating that issue, and the defendant is aquitted of that offense"), Reynolds V. State, 4 (S.W. 3d) 13, 23 (Tex. Crim. App. 1999) (defending and discussing constitutional doctrine of collateral estoppel), Ex Parte Mathes, 830 (S.W. 2d) 596, 598 (Tex. Crim. App. 1992).

That is once a jury determines a discrete fact in favor of a criminal defendant, the state cannot contest the jury's findings in a subsequent proceeding. In applying the doctrine of collateral estoppel, courts must first determine whether the jury determined a specific fact, and if so how broad in terms of time, space and content wasthe scope of its finding. Before collateral estoppel will apply to bar relitigation of a discrete fact, that fact must necessarily have been decided in favor of the defendant in the first trial. see. In Ashe V. Swenson, for example, several armed and masked men broke into a home and robbed six men who were playing poker 397 U.S. at 437 thru 39. The defendant was aquitted at his first trial for the robbery of one of the victims, but was subsequently convicted in a second trial for the robbery of another poker player Id. At both trials the evidence that an armed robbery had occured was "unassailable," Id. at 438, and the supreme court determined that the " single rationally conceivable issue in dispute before the jury was whether the [defendant] had been one of the robbers. " Id. at 445. In reversing the defendants conviction, the court held that the state was barred by the double jeopardy clause from litigating the issue of Identity at the second trial after a prior judgement aquitting the defendant based on that same issue. Id at 445.

The mere possibility that a fact may have been determined in a former trial is insufficient to bar relitigation of that same fact in a second trial see. De LA Rosa V. Lyhaugh, 817 F. 2d 259, 263 (5th Cir. 1987), United States V. Gonzalez, 548 F. 2d 1185, 1191 (5th Cir. 1977), Garcia V. Garza, 729 F. Supp. 553, 554 (S.D. Tex. 1989), State V. Nash, 817 S.W. 2d 837, 840 (Tex. App. Amarillo 1991 pet. Ref'd). In each case courts must review the entire trial record, as well as the pleadings, the charge, and the arguements of the Attornys, to determine " with realism and rationality" precisely which facts the jury necessarily decided and whether the scope of its findings regarding specific historical facts bars relitigation of those same facts in a second criminal trial. see Ladner V. state, 780 S.W. 2d 247, 258 (Tex. Crim. App. 1989) ( " when a fact is not necessarily determined in a former trial the possibility that it may have been does not prevent re-examination of that issue.") (Quoting Adams V. United States, 287 F.2d 701, 705 (5th cir. 1961).

Petitioner appellant believes that this defense should have been applied if it was theres no-way the state could have used the drugs

that was taken in the original complaint that was later dismissed.

Issue number two, on ineffective assistance of counsel: I received ineffective assistance of counsel who failed to investigate the search warrant had she the probability of the outcome would have been different she would have discovered that the search warrant had false statements or misleading and the judge would have dismissed this case as well.

## FACTS TO THIS GROUND

In the statement of the case and the clerk records on December 7th 2012 at 3:50 p.m. I was arrested for failure to signal intent to turn. No consent to search was given nothing on view or in plain view. At the time of the arrest the police removed a locked safe from the backseat of my automobile. The police broke into the safe and removed 4.1 grams of methanphetamines. Complaint of probable cause for the drugs carries a time of 6;00 p.m.. They then got a search warrant which was sealed when they got the search warrant that has no specific offense, no name of the accused, no address to be searched, no make or model of vehicle to be searched, only locked boxes and safe.

Appellate aledges that had counsel investigate this, there is a reasonable probability that the outcome would have been different the state and the judge would have dismissed the charge on misleading information.

To prove ineffective assistance of counsel a defendant must show by a preponderance of the evidence that (1) His counsel's representation was deficient and (2) The deficient performance was so serious that it prejudiced his defense. Strickland V. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), Hernandez V. State 726 S.W. 2d 53, 57 (TEx. Crim. App. 1996). If this Honorable court see the clerks record look at the search warrant. Its based on a affirmative false statements or misleading omissions affecting the magistrates determination of cause.

A warrant may not properly issue when the affidavit on which it is based has either affirmative false statements or misleading omissions affecting the magistrates determination of cause see, Franks V. Delaware, 438 U.S. 154, 155-61, 98 S.Ct. 2674 (1978), Harris V. State, 227 S.W.3d 83,85 (Tex. Crim. App. 2007), State V. Verde, 432 S.W.3d 475, 483-84 (Tex. App. Texarkana 2014, pet ref'd), Heitman V. State, 789 S.W. 2d 607, 610-11 Tex. App-Dallas 1990 pet ref'd), Kohler V. Englade 470 F3d 1104, 1113 (5th Cir. 2006), also, Rios V. State 901 S.W. 2d 704,706 (Tex. App- San Antonio 1995, no pet.)

Although none of these errors are listed in rule 21 of the Texas rules of appellate procedure as mandatory grounds for the granting of a New Trial any of these alleged errors may be permissible grounds for a New Trial. see. Tex. R. App. P. 21, State V. Evans, 843 S.W. 2d 576 (Tex. Crim. App. 1992).

For more than 120 years trial courts have had authority to grant a motion for New Trial in the interest of justice based on grounds that are not, specifically enumerated in the procedural rules. Gonzalez, 855 S.W. 2d at 694) citing Mullins V. State, 37 Tex. 337, 339- (1872-73), Dixon, 893 S.W. 2d at 288.

This court should look at the nature of the claim and determine whether the interest of justice are best served by allowing an out-of-timeo motion for New Trial. see Sambrano V. State 754 S.W. 2d 768 (TEx. App. San Antonio 1988, no pet.)

Appellant was without counsel (20) days, a critical stage to file a motion for a New Trial.

## UNSWORN DECLARATION

I swear under penalty of perjury thet the statements contained in this motion are to the best of my knowledge based on the information I have received and know, are true and correct.

Executed on this day
of  /-20 -  2015

Sincerely Submitted

Mark Eugene Eagle

(13)

## PRAYER

Pray that the appeals court finds reason for cause to vacate the conviction or remand the defendant back to the trial court for an out-of-time motion for a New Trial so that defendant can present an affirmative defense of collateral estoppel at a full Franks Hearing.

Sincerely Submitted

*Mark Eugene Engle*