NO: 14-50562-86-F

THE STATE OF TEXAS

VS

RAUL CASTANON SALAZU

IN THE 86th JUDICIAL

DISTRICT COURT OF

KAUFMAN CO., TEXAS

CERTIFICATE TO BE FILED WITH NOTICE OF

APPEAL IN COURT OF APPEALS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
12/10/2015 2:44:43 PM
LISA MATZ
Clerk

The records of my office show:

(1) WRITTEN Notice of Appeal was given on the 9TH day of December ,2015.

NOTE: ATTACH COPY OF NOTICE OF APPEAL TO THIS FORM.

(2) The defendant named above was convicted in this Court of the offense of:

SEX ABUSE OF CHILD CONTINUOUS: VICTIM UNDER 14

(3) The date the sentence was imposed or imposition of sentence was suspended or other order appealed from was the 8th day of December, 2015.

(4) The Honorable Casey Blair presided at the trial.

(5) The State is represented on appeal by: Erleigh Norville Wiley

        Address: Kaufman County District Attorney, 100 W Mulberry St, Kaufman, TX

        State Bar 15113280    Telephone Number: 972-932-0260

(6) The Defendant is represented on appeal by: Taryn Davis

        Address: 109 N Jackson St, Kaufman, TX 75142

  State Bar No. 00792449    Telephone Number: 972-962-0653

(7) Defendant's Counsel is : _____ Retained __X__ Appointed _____ Pro Se

(8) The Trial was before the Court:

    Without A Jury  _____

    A Jury on Guilt Only  __X__

    A Jury on Punishment Only  _____

    A Jury on Both Guilt and Punishment_____

(9) Motion For New Trial filed: __X__ Yes _____ No    If yes, date filed: December 9, 2015

NOTE: IF MOTION FOR NEW TRIAL WAS FILED AFTER NOTICE OF APPEAL,

        PLEASE GIVE WRITTEN NOTICE TO THIS COURT IMMEDIATELY.

(10) Defendant Incarcerated:__X__ Yes_____ No

    If no, defendant free on appeal bond of $ _____ posted on the _____ day of

_____, _____.

(11) Defendant X__ has _____ has not been declared indigent.

(12) Court Reporter : Beth Woods

        Address: 100 WEST MULBERRY, KAUFMAN, TEXAS 75142

        Date Filed    **December 10, 2015**

MICHELLE LOPEZ

DEPUTY CLERK

KAUFMAN COUNTY, TEXAS

## NO. 14-50562-86-F

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 86TH JUDICIAL DISTRICT |
| | § | |
| RAUL CASTANON SALAZU | § | KAUFMAN COUNTY, TEXAS |

2015 DEC -9 PM 1:33

RHONDA HUGHEY DISTRICT CLERK
DEPUTY

FILED FOR RECORD
KAUFMAN COUNTY
TEXAS

### NOTICE OF APPEAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Raul Castanon Salazu, Defendant in the above styled and numbered cause, and gives this written notice of appeal to the Court of Appeals of the State of Texas from the judgment of conviction and sentence herein rendered against Raul Castanon Salazu.

Respectfully submitted,

Duggan Jones Noriega, PC
3626 N. Hall St. Ste 820
Dallas, Texas 75219
Tel: (214) 494-1647
Fax: (214) 540-8284

By: _____
Jose P. Noriega
State Bar No. 24068539
jose@djtexlaw.com
Attorney for Raul Castanon Salazu

### CERTIFICATE OF SERVICE

This is to certify that on December 9, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Kaufman County, Daniel Floyd, by hand delivery.

NO. 14-50562-86-F

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 86TH JUDICIAL DISTRICT |
| | § | |
| RAUL CASTANON SALAZU | § | KAUFMAN COUNTY, TEXAS |

## MOTION FOR NEW TRIAL AND MOTION IN ARREST OF JUDGMENT

## TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Raul Castanon Salazu, the Defendant in the above styled and numbered cause, and files this Motion for New Trial and Motion in Arrest of Judgment pursuant to Rules 21 and 22 of the Texas Rules of Appellate Procedure, and in support thereof would show this court the following:

1.      The Defendant was sentenced on December 8, 2015. This Motion, filed within the thirty-day timetable, is therefore timely. A hearing must be commenced before the 75th day after the sentence, which is [*_____*], or this motion is overruled by operation of law.

2.      The verdict in this cause is contrary to the law and the evidence. See Tex. R. App. P. 21.3.

3.      The trial court has the discretion to grant a new trial in the interests of justice, as the Court of Criminal Appeals has emphasized:

For more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice. In Mullins v. State, 37 Tex. 337, 339-340 (1872-73), the Supreme Court, which at that time had criminal jurisdiction, held:

... The discretion of the District Court, in granting new trials, is almost the only protection to the citizen against the illegal or oppressive verdicts of prejudiced,

careless, or ignorant juries, and we think the District Court should never hesitate to use that discretion whenever the ends of justice have not been attained by those verdicts.

State v. Gonzalez, 855 S.W.2d 692 (Tex. Crim. App. 1993).

4. For the foregoing reasons, and for such other reasons that may arise on the hearing of this Motion, Defendant requests a new trial.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that the Court set aside the judgment of conviction entered in this cause and order a new trial on the merits.

Respectfully submitted,

Duggan Jones Noriega, PC
3626 N. Hall St. Ste 820
Dallas, Texas 75219
Tel: (214) 494-1647
Fax: (214) 540-8284

By:_____
Jose P. Noriega
State Bar No. 24068539
jose@djtexlaw.com
Attorney for Raul Castanon Salazu

## CERTIFICATE OF PRESENTMENT

By signature above, I hereby certify that a true and correct copy of the above and foregoing has been hand-delivered to the Office for the 86th Judicial District Court of Kaufman County, on this day, December 9, 2015.

## CERTIFICATE OF SERVICE

This is to certify that on December 9, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Kaufman County, Daniel Floyd, by hand delivery.

_____
Jose P. Noriega

## ORDER FOR A SETTING

On _____, 2016, the Defendant filed a Motion for New Trial and Motion in Arrest of Judgment. The Court finds that the party is entitled to a hearing on this matter, and it is THEREFORE ORDERED that a hearing on this motion is set for _____, at _____.

Signed on _____.


_____
JUDGE PRESIDING

## NO. 14-50562-86-F

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 86TH JUDICIAL DISTRICT |
| | § | |
| RAUL CASTANON SALAZU | § | KAUFMAN COUNTY, TEXAS |

## ORDER

On _____, 2016, came on to be considered Raul Castanon Salazu's Motion

for New Trial and Motion in Arrest of Judgment, and said motion is hereby

(Granted) (Denied)

_____

JUDGE PRESIDING

Jose P. Noriega



| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 86TH DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| SALAZU, RAUL CASTANON | § | KAUFMAN COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX-50546933 | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | |
|---|---|---|
| Judge Presiding: | HON. CASEY BLAIR | Date Judgment Entered: 12/08/2015 |
| Attorney for State: | Erleigh Norville Wiley | Attorney for Defendant: Jose Noriega |

Offense for which Defendant Convicted:

**SEX ABUSE OF CHILD CONTINUOUS: VICTIM UNDER 14**

| | |
|---|---|
| Charging Instrument: Indictment | Statute for Offense: §21.02 PC |
| Date of Offense: 01/01/2008 | |
| Degree of Offense: **1st Degree Felony** | Plea to Offense: **Not Guilty** |
| Verdict of Jury: **Guilty** | Findings on Deadly Weapon: |
| Plea to 1st Enhancement Paragraph: | Plea to 2nd Enhancement/Habitual Paragraph: |
| Findings on 1st Enhancement Paragraph: | Findings on 2nd Enhancement/Habitual Paragraph: |

| Punished Assessed by: **Judge** | Date Sentence Imposed: **12/08/2015** | Date Sentence to Commence: **12/08/2015** |
|---|---|---|

| Punishment and Place of Confinement: | **65 YEARS IN THE INSTITUTIONAL DIVISION** |
|---|---|

### THIS SENTENCE SHALL RUN CONCURRENTLY.

**[ ] SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR YEARS.**

| Fine: $5000.00 | Court Costs: $461.00 | Restitution: $0 | Restitution Payable to: n/a |
|---|---|---|---|

**[x] Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.**

Sex Offender Registration Requirements do apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was 5 years of age.

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. **From 08/07/2014 to 12/08/2015** |
|---|---|

**All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.**

This cause was called for trial in Kaufman County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

[X] Defendant appeared in person with Counsel.
[ ] Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

**Punishment Assessed by Jury / Court / No election (select one)**

[] **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

[X] **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

[] **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

[X] **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Kaufman County Clerk Court Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

[ ] **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Kaufman County, Texas on the date the sentence is to commence. Defendant shall be confined in the Kaufman County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Kaufman County Clerk Court Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

[ ] **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Kaufman County Clerk Court Collections Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

[X] The Court ORDERS Defendant's sentence EXECUTED.

[ ] The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**
[X] Attached findings or additional orders are herein incorporated by Attachment B.

Signed on the 8ᵗʰ day of _December_, 20_15_.

_____
JUDGE CASEY BLAIR

Right Thumb
This is to certify that the fingerprints above are the above-named defendant's fingerprints taken at the time of disposition of the above styled and numbered cause.

Done in Court this 8 day of December, 2015.

_____ #4068
Deputy, District Clerk

KSO

**Attachment B to Judgment**

# VICTIM RESTITUTION SHEET FOR CAUSE NO.  14-50562-86-F
CHECK ALL THAT APPLY:

[  ] Restitution payable to DPS Restitution Accounting, P.O. Box 4087, Austin, Texas 78773-0130  Amount of Restitution:  $140.00, $180.00, OR $60.00 (CIRCLE THE AMOUNT)

[  ] Restitution payable to Victim 1:                                    Amount: _____
      NAME:        _____
      ADDRESS:   _____
                    _____

## ORDERS BY THE COURT REGARDING PAYMENTS
Defendant is ordered to pay all fines, court costs, and restitution as set out in the attached judgment or order as follows:

[x] Fine  [  ] Restitution  [x] Court Costs to be paid in installments as arranged with the County Clerk Court Collections.

[  ] Fine  [  ] Restitution  [  ] Court Costs to be paid in installments as agreed with the Kaufman County Adult Probation Department.

[  ] Fine  [  ] Restitution  [  ] Court Costs to be paid in full on the day judgment or order is entered.

[  ] Fine  [  ] Restitution  [  ] Court Costs to be paid within _____ days of entry of judgment or order.

## SPECIAL FINDINGS, CONSIDERATIONS, OR ORDERS BY THE COURT
[  ]  The Court approves the 12.45 agreement entered into by the State and the Defendant and takes offenses contained within said agreement into consideration of sentencing.

[  ]  The Court finds that Defendant was prosecuted for an offense under Title 5 of the Penal Code that involved family violence. TEX. CODE CRIM. PROC. art. 42.013.

[  ]  The Court finds that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of the offense or during the immediate flight there from, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited.

[  ]  The Court finds that the allegations contained within the indictment that defendant did commit said offense(s) within a drug free zone pursuant to HSC Sec. 481.134 are true.

[  ]  DWI Ignition Motor Interlock. The defendant shall install, on each motor vehicle owned or operated by defendant, a device that uses a deep-lung breath analysis mechanism to make impractical the operation of the motor vehicle if ethyl alcohol is detected in the breath of the operator. This order shall be in effect from the date of this judgment until the date of the first anniversary after the ending of the period of drivers license suspension imposed under Section 521.344, Transportation Code. Defendant shall obtain the device(s) at the defendant's own cost on or before that ending date. Defendant shall provide evidence to the Court on or before that ending date that the device has been installed on each appropriate vehicle, and the devices shall remain on each appropriate vehicle until the first anniversary after the ending of the period of such driver's license suspension. Defendant shall not operate any motor vehicle that is not equipped with that device.

[  ] The Court finds that the defendant is/is not presumptively entitled to diligent participation credit in accordance with Section 15(h), Article 42.12.

| | | | |
|---|---|---|---|
| THE STATE OF TEXAS | § | IN THE 86TH DISTRICT COURT | |
| | § | | |
| V. | § | COURT OF | |
| | § | | |
| **Raul Castanon Salazu** | § | KAUFMAN COUNTY, TEXAS | |
| | § | | |
| STATE ID NO.: TX-50546933 | § | | |

### ATTACHMENT A
### ORDER TO WITHDRAW FUNDS

TO: INMATE TRUST ACCOUNT, TEXAS DEPARTMENT OF CRIMINAL JUSTICE
COPY TO: **Raul Castanon Salazu**
AKA: _____

GREETINGS:

THE ABOVE named Texas Department of Criminal Justice offender has of this date been assessed court costs, fees and/or fine and/or restitution in the 86th District Court of Kaufman County, Texas, in the above entitled cause in accordance with the sentence imposed as reflected in the judgment to which this Order is attached. The Court finds that the offender is unable to pay the court costs, fees and/or fines and/or restitution on this date and that the fund should be withdrawn from the offender's Inmate Trust Account. Court Costs, fee and/or fines and/or restitution have been incurred in the amount of **$5,461.00**.

THE COURT ORDERS that the payment be made out of the offender's Inmate Trust Account as follows:
Pay an initial amount equal to the lesser of:
  (1)  15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01 and $500 inclusive, plus 50% of any portion of the account balance that is more than $500; or
  (2)  The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.
After the payment of the initial amount, the offender shall pay an amount equal to the lesser of:
  (1)  10% of each deposit in the offender's Inmate Trust Account; or
  (2)  The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.
Payments are to continue until the total amount of the court costs, fees and/or fines and/or restitution are paid, or the offender is released from confinement.

On receipt of a copy of this Judgment, the department (Inmate Trust Account) shall withdraw money from the trust account of the offender, hold same in a separate account, and shall forward said money to the Kaufman County District Clerk, 100 W. Mulberry, Kaufman, Texas 75142 on the earlier of the following Dates:
  (1)  Monthly
  (2)  The date the total amount to be forwarded equals the total amount which remains unpaid; or
  (3)  The date the offender is released.
THIS ORDER is entered and incorporated into the Judgment and Sentence of this Court and pursuant to Government Code, Section 501.014, on the _____ day of November, 2015.

_____
Blair, Casey

Cause No. 14-50562-86-F

| | | |
|---|---|---|
| The State of Texas | § | In the 86th District Court |
| | § | |
| vs | § | In and For |
| | § | |
| Raul Castanon Salazu | § | Kaufman County, Texas |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☒ Is not a plea-bargain case, and the defendant has the right of appeal, [or]

☐ Is a plea-bargain case, but matters were raised by written motion filed and ruled on before the trial, and not withdrawn or waived, and the defendant has the right of appeal, [or]

☐ Is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal, [or]

☐ Is a plea-bargain case, and the defendant has NO right of appeal, [or]

☐ The defendant has waived the right of appeal.

Blair, Casey

Date Signed    12·8·15

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

Defendant
Mailing address:
Telephone number:
Fax number (if any):

Defendant's Counsel
State Bar of Texas ID number 24068539
Mailing address:
Telephone number:
Fax number (if any):

• "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case -- that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant -- a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

Person ID: 970931

FILED FOR RECORD KAUFMAN COUNTY TEXAS 2015 DEC -8 PM 4:48 RHONDA HUGHEY DISTRICT CLERK BY DEPUTY